See also 477 F.Supp.2d 560.

**UNITED STATES of America,
Appellee,**

v.

**Kenneth E. MAHAFFY, Jr. and Timothy J. O'Connell, David G. Ghysels, Jr., Defendants–Appellants.**

Nos. 07–3570–cr(L), 07–3618–cr(CON), 07–3746–cr(CON).

United States Court of Appeals, Second Circuit.

July 7, 2008.

Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant O'Connell.

Daniel E. Wenner, Assistant United States Attorney (David C. James, Assistant United States Attorney, on the brief) for Benton J. Campbell, United States Attorney for the Eastern District of New York, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges and Hon. JOHN G. KOELTL,[1] District Judge.

### SUMMARY ORDER

O'Connell was convicted of one count of witness tampering, in violation of 18 U.S.C. § 1512, and one count of making a false statement, in violation of 18 U.S.C. § 1001. He was sentenced to a year and a day of imprisonment, three years' supervised release, and a $200 special assessment. O'Connell appeals his false statement conviction on several grounds, alleging that: (1) his answers to a government inspector were "literally true," while the questions posed by the inspector were "fundamentally ambiguous"; (2) the district court erred in permitting the government to introduce statements made by O'Connell during a proffer session; and (3) the district court failed to include a *Bronston* charge in its charge to the jury. Familiarity by the parties is assumed as to the facts, the procedural context, and the issues on appeal.

O'Connell's argument that his responses to a government inspector's questions were "literally true" is a question of fact for the determination of a jury. *See United States v. Lighte,* 782 F.2d 367, 373 (2d Cir.1986). Similarly, O'Connell's argument that the questions posed were "fundamentally ambiguous" amounts to a challenge to the sufficiency of the evidence relied upon by the jury in reaching its guilty verdict. *Id.* at 375. Our standard of review is, consequently, deferential, with all inferences to be credited to the government and a weighty burden to be borne by O'Connell. *United States v. Diaz,* 176 F.3d 52, 89 (2d Cir.1999).

O'Connell relies upon *Bronston v. United States,* 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973), and its application by this Court to § 1001 prosecutions, *see United States v. Mandanici,* 729 F.2d 914, 921 (2d Cir.1984), in arguing that his response to the question of a government inspector was "literally true." That reliance is misplaced. In *Bronston,* the defendant's reply to a question was literally true but non-responsive—*i.e.,* the defendant was asked whether he had Swiss bank accounts and responded by saying that "[t]he company had an account there," without admitting to his own Swiss account. *Bronston,* 409 U.S. at 354, 93 S.Ct. 595. Here, however, O'Connell's answer to the government inspector was not so oblique. According to the trial testimony of the inspector who questioned O'Connell, O'Connell was asked whether he had permitted anyone to listen to "*a* squawk box," to which, according to the inspector, O'Connell replied that "he had never allowed anybody to listen to *a* squawk box." Direct Examination Tr. Apr. 23, 2007 at 3714 (emphasis added). In fact, O'Connell had permitted others to listen to his institutional squawk box.

1. The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

■ O'Connell's analysis of the trial record—suggesting that the inspector had asked about *"the"* squawk box (purportedly, under O'Connell's theory, referring to O'Connell's retail, as opposed to his institutional squawk box)—is unavailing. At most, ambiguity in the trial testimony—with respect to both the questions posed and the answers given—created a question of fact for the jury's consideration. We are not persuaded that the jury's conclusion regarding the supposed "literal truth" of O'Connell's statement, or the allegedly "fundamental ambiguity" of the inspector's questions, should be displaced.

O'Connell next challenges the district court's decision to permit the government to introduce statements made by O'Connell during his proffer session. The statements in question were admitted by the government during redirect examination of the government inspector, following defense counsel's cross-examination of the inspector. During cross-examination, defense counsel had suggested that O'Connell may have misunderstood the inspector's questions as opposed to intentionally answering them falsely—a theory clearly contradicted by O'Connell's proffer statements. Those statements revealed that O'Connell's responses to the inspector were intended to mislead, and that he was "sticking with the same story" he had previously told officials at Merrill Lynch—a story O'Connell's counsel conceded had been false.

"[A] defendant remains free to present evidence inconsistent with his proffer statements, with the fair consequence that, if he does, the Government [is] then ... permitted to present the defendant's own words in rebuttal." *United States v. Velez,* 354 F.3d 190, 196 (2d Cir.2004) (quoting *United States v. Gomez,* 210 F.Supp.2d 465, 476 (S.D.N.Y.2002)) (internal quotation marks omitted; alteration in original). In this case, the statements admitted by the district court appropriately rebutted the theory of misunderstanding pressed by the defense.

Finally, O'Connell argues that the district court erred by failing to give the jury an instruction that statements of literal truth—*even if intended to mislead the questioner*—cannot 23 support a conviction for false statements under § 1001. *See Mandanici,* 729 F.2d at 921 ("[A] defendant may not be convicted under § 1001 on the basis of a statement that is, although misleading, literally true ...." (citing *Bronston,* 409 U.S. at 359–62, 93 S.Ct. 595)). Contrary to the rule articulated in *Mandanici,* the district court's actual charge to the jury included the following statement:

> The third element that the Government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious or fraudulent. A statement or representation is "false" or "fictitious" or "fraudulent" if it was untrue when made, and known at the time to be untrue by the person making it *or was made or caused to be made with the intent to deceive* the Government agency to which it was made.

O'Connell App. at 248 (emphasis added).

At trial, O'Connell joined codefendant Linus Nwaigwe's request for a charge that was different from the one ultimately issued to the jury. The charge that O'Connell would have had the court deliver included a number of relevant statements of applicable law that bore upon O'Connell's asserted defense, such as the fact that: (1) a reasonable response to an ambiguous question could have constituted a defense to the false statements charge; (2) there can be no false statement conviction for a literally true response *even if it is intentionally misleading;* (3) the context of the allegedly false statements is relevant to considering their falsity; and (4) the gov-

ernment bore the burden of proof both with respect to proving the non-ambiguity of the questions posed and the falseness of the answers tendered.

Thus, on an issue crucial to O'Connell's defense—that his statements, even if intentionally misleading, could not have supported a § 1001 conviction merely by virtue of the declarant's intent to deceive—O'Connell's proffered charge and the actual charge were in conflict. The actual charge given by the district court, insofar as it indicated that an intent to deceive, without more, could be sufficient for the jury to convict O'Connell of the false statement charge, was wrong as a matter of law. In view of this plain error in the district court's jury charge, we vacate O'Connell's false statement conviction under 18 U.S.C. § 1001, and affirm his witness tampering conviction, in violation of 18 U.S.C. § 1512, which he has not challenged on appeal.

Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** for a new trial on the conviction for violation of 18 U.S.C. § 1001.